IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROBERT VAN NORMAN AND PAULINE VAN NORMAN, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-cv-00217 |
| SHIELD RESTRAINT SYSTEMS, INC., F/K/A AM-SAFE COMMERCIAL PRODUCTS, INC.; FLEXSTEEL INDUSTRIES, INC.; AND FOREST RIVER, INC., | § § § § § § § | |
| *Defendants.* | § | |

### DEFENDANT FOREST RIVER, INC.'S NOTICE OF REMOVAL

Defendant Forest River, Inc. ("Forest River") hereby removes this action from the 210th Judicial District Court of El Paso County, Texas to this Court pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for this removal, Forest River states as follows:

### I.   INTRODUCTION

1.   This lawsuit arises out of an accident on Main Highway 45, between Chihuahua, Mexico and El Paso Texas, that allegedly resulted in the severe personal injury of Plaintiff Robert Van Norman, a passenger in a recreational vehicle (herein the "RV") when a pickup truck crashed into the rear-end of the trailer the RV was towing.[1]

2.   On May 25, 2018, Plaintiffs Robert Van Norman and Pauline Van Norman ("Plaintiffs") commenced this action in the 210th Judicial District Court of El Paso County, Texas, against Angel Romero Hurtado ("Hurtado"), CUSI Technologies, Co, d/b/a

---

[1] *See* Exhibit **A**, Index of State Court Filings, No. 3, Plaintiffs' Original Petition, at ¶¶ 20-22. All citations to "No. #" refer to the Index of State Court Filings attached hereto as Exhibit **A** to this Notice of Removal where the referenced document may be found.

**DEFENDANT FOREST RIVER, INC.'S NOTICE OF REMOVAL**
4813-9215-1405.2

CUSITEC ("CUSITEC"), Shield Restraint Systems, Inc. f/k/a AM-SAFE Commercial Products, Inc. ("Shield Restraint Systems"), Flexsteel Industries, Inc. ("Flexsteel"), and Forest River.[2] Plaintiffs allege, among other things, claims for strict product liability, breach of warranty, negligence, gross negligence, and loss of consortium claims in this lawsuit.[3]

3. According to Plaintiffs' Original Petition ("Petition"), Plaintiffs were residents of El Paso County, Texas at the time the cause of action accrued.[4] The Petition also alleges Forest River is a corporation organized under the laws of the State of Indiana, and has its principal place of business at Elkhart, Indiana;[5] Flexsteel is a corporation organized under the laws of the State of Minnesota, and is headquartered at Dubuque, Iowa;[6] and Shield Restraint Systems is a corporation organized under the laws of the State of Delaware, and maintains its headquarter at Elkhart, Indiana.[7]

4. Plaintiffs claim that Defendant Hurtado is a resident of El Paso, Texas at the time of the accident.[8] The Petition also identifies CUSITEC as a Mexican corporation that maintains its corporate office in El Paso County, Texas.[9]

5. Flexsteel and Forest River were served with the Petition on June 18, 2018.[10] Flexsteel served its answer on July 2, 2018, and Forest River on July 9, 2018.[11] Shield Restraint Systems was served with the Petition on June 19, 2018, and served its answer on July 16, 2018.[12]

---

[2] *See* Exhibit **A**, No. 3.
[3] *Id.* at pp. 6-11.
[4] *Id.* at ¶¶ 2-3.
[5] *Id.* at ¶ 9.
[6] *Id.* at ¶ 8.
[7] *Id.* at ¶ 7.
[8] *Id.* at ¶ 5.
[9] *Id.* at ¶ 6.
[10] *See* Exhibit **A**, No. 1.
[11] *Id.*
[12] *Id.*

6. As of the date of this Notice of Removal, Hurtado and CUSITEC, alleged local defendants, have not been served[13] which gives rise to this Court's jurisdiction based upon 28 U.S.C. §§ 1332 and 1446(b)(2). Since the alleged local defendants have not been served, all the parties are diverse and jurisdiction is proper under 28 U.S.C. § 1332(a).

## II.   BASIS FOR REMOVAL

7. A civil action initially filed in a state court is removable if the action is one which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

8. This action is removable because (1) this action is between citizens of different States because alleged local defendants have been joined but not served and should be disregarded, and (2) it is facially apparent that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(b)(2).

9. Additionally, this Court is appropriate venue because this district and division embrace the place in which the removed action is pending. 28 U.S.C. § 1441(a).

### A. The Citizenship Of Unserved Defendants Should Be Disregarded For Purposes Of Determining Diversity Jurisdiction

10. Section 1441(b)(2) provides that an action may not be removed if the forum defendant was 'properly joined and served' at the time of removal." 28 U.S.C. § 1446(b)(2); *Cadena v. ASI Lloyds*, 2018 WL 1904839 (W.D. Tex. Jan. 5, 2018) (citing *Reynolds v. Pers. Representative of the Estate of Johnson*, 139 F. Supp. 3d 838, 841 (W.D. Tex. 2015)). However, the district courts in Texas have held that "the presence of a forum defendant in the action

---

[13] *See* Exhibit A, No. 1.

does not render removal improper where the forum defendant was not served at the time of removal." *Reynolds*, 139 F. Supp. 3d at 841; *In re Norplant Contraceptive Prods. Liability Litig.*, 889 F.Supp. 271, 275 (E.D.Tex.1995) (finding "numerous cases which support the proposition that ... the citizenship of unserved defendants should not be considered under 28 U.S.C. § 1441(b)"); *see also* 14B Wright & Miller, Federal Practice and Procedure, § 3723 (4th ed.2009) (noting that the 1948 amendment to § 1441(b) inserted the language "and served," "which implies that a diverse, but resident defendant *842 who has not been served may be ignored in determining removability."). Under this reasoning, forum defendants who have not been served at the time of removal are not "properly joined and served as defendants" under the statute, and thus do not bar removal." *Reynolds*, 139 F. Supp. 3d at 842.

11.     Here, Plaintiffs allege Hurtado and CUSITEC are local defendants. At the time of removal, alleged defendants Hurtado and CUSITEC have not been served, and, they are therefore not "properly joined and served as defendants" under the statute. Accordingly, removal of this action is proper under 28 U.S.C. § 1441(b)(2).

**B.  It Is Facially Apparent That Amount In Controversy Exceeds $75,000**

12.     Plaintiffs' Petition does not set out a specific number and does not allege that the amount in controversy is under $75,000.[14] Plaintiffs simply assert that the federal courts lack subject matter jurisdiction because there is no federal question and there is incomplete diversity of citizenship.[15] If a plaintiff does not state an amount in the complaint, a defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of*

---

[14] *See* Exhibit A, No. 3 at ¶ 10.
[15] *Id.*

*Tex. Inc.,* 351 F.3d 636, 638–39 (5th Cir.2003). To determine if a defendant has met the burden, courts examine whether it is "'facially apparent' from a plaintiffs' complaint" that the amount in controversy exceeds $75,000. *Id.* (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995)).

13.  Where a petition contains severe personal injury and damage allegations, as in this case, the United States Court of Appeals for the Fifth Circuit has found it is "facially apparent" the petition supports federal jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding that allegations of damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement supported a substantially larger monetary basis to confer removal jurisdiction); *see also Luckett v. Delta Airlines, Inc.* 171 F.3d 295, 297 (5th Cir. 1999) (holding "reading the face of the complaint," plaintiff's claims exceeded $75,000 because the plaintiff alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework after hospitalization).

14.  On the face of the Petition, Plaintiffs allege that Plaintiff Robert Van Norman

> **suffered injuries and permanent damages, including but not limited to, physical pain, mental anguish, and severe neurological impairments which have resulted in loss of earning capacity, loss of enjoyment of life, pecuniary loss and medical care expenses. In all probability these damages will remain in the future, in addition to these past damages.**[16]

Plaintiffs further allege that Plaintiff Pauline Van Norman

---

[16] *See* Exhibit A, No. 3 at ¶ 73.

Case 3:18-cv-00217-DCG   Document 1   Filed 07/17/18   Page 6 of 9

> **sustained permanent damages, including, but not limited to, loss of the services and society of a husband and assuming responsibility for his care, maintenance and medical expenses.**[17]

Additionally, Plaintiffs alleged that the conduct of Defendants entitles Plaintiffs to recover exemplary damages and attorneys' fees.[18] Given the severity and extent of the injuries alleged in Plaintiff's Petition and the numerous damages claimed, including but not limited to exemplary damages and attorneys' fees, it is facially apparent that Plaintiffs' claims exceed $75,000. Accordingly, it is facially apparent that the amount that Plaintiffs seek from the defendants exceeds $75,000 and the amount in controversy requirement is satisfied.

### III.   PAPERS FROM REMOVED ACTION

15.   As required by 28 U.S.C. § 1446(a), Forest River has attached copies of the pleadings, processes, or orders served on defendants currently on file with the 210th Judicial District Court of El Paso County, Texas.[19] No further proceedings have occurred in the state court action.

### IV.   TIMELINESS OF REMOVAL

16.   This Notice of Removal is timely because it is filed within thirty (30) days after service of the Petition on Defendant Forest River, in accordance with 28 U.S.C. § 1446(b)(1). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

### V.   NOTICE OF CONSENT OF REMOVAL FROM OTHER DEFENDANTS

17.   All defendants who have been properly served have consented to the removal of this case to federal court. 28 U.S.C. § 1441(b)(2)(A). Written consent to removal from

---

[17] *Id.* at ¶ 75.
[18] *Id.* at ¶ 80.
[19] *See* Exhibit **A**, Index of State Court Filings.

Defendants Flexsteel and Shield Restraint Systems are filed at the same time as this Notice of Removal.[20]

## VI. NOTICE OF FILING NOTICE OF REMOVAL

18. In accordance with 28 U.S.C. § 1446(d), and to effect removal, Defendant Forest River will file a true and correct copy of this Notice of Removal with the Clerk of the 210th Judicial District Court of El Paso County, Texas, Case No. 2018DCV1971.

## VII. JURY DEMAND

19. Plaintiffs demanded a jury in the state court suit.

## PRAYER

**WHEREFORE**, Defendant Forest River, Inc. pray that the United States District Court for the Western District of Texas, El Paso Division, accepts this Notice of Removal and that it assumes jurisdiction of this cause and that it issues such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

**FOLEY GARDERE**
**FOLEY & LARDNER LLP**

By: */s/ Craig D. Dillard*
 Craig D. Dillard
 Texas Bar No. 24040808
 Federal I.D. No. 37591
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
Email: cdillard@foley.com

ATTORNEY-IN-CHARGE

---

[20] Defendants Flexsteel and Shield Restraint Systems' signed consent to removal are attached hereto as Exhibit **B**. Additionally, list of counsel of record in this action is attached hereto as Exhibit **C**.

OF COUNSEL:
**FOLEY & GARDERE**
**FOLEY LARDNER LLP**
Jason P. Sharp
Texas Bar No. 24039170
Jennifer S. Park
Texas Bar No. 24088183
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
jsharp@foley.com
jspark@foley.com

**ATTORNEYS FOR DEFENDANT FOREST RIVER, INC.**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been delivered to the following parties, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by and through the ECF system on this 17th of July, 2018 to:

Humberto Enriquez
LAW OFFICES OF HUMBERTO ENRIQUEZ
1212 Montana Ave.
El Paso, TX  79902
Email: enriquezlawfirm@hotmail.com

Terrence E. McCartney
REINER, SLAUGHTER, MCCARTNEY & FRANKEL LLP
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580

*Attorneys for Plaintiffs,*
*Robert Van Norman and Pauline Van Norman*

Christopher R. Johnston
FIRTH JOHNSTON BUNN KERR
415 N. Mesa, Suite 300
PO Box 942
El Paso, Texas 79946
Email: cjohnston@f-jlaw.com

*Attorney for Defendant,*
*Flexsteel Industries, Inc.*

James A. Mounts, III
RAY, MCCHRISTIAN & JEANS, P.C.
5822 Cromo Drive
El Paso, Texas  79912
Email: jmounts@rmjfirm.com

*Attorney for Defendant,*
*Shield Restraint Systems, Inc., f/k/a*
*AM-SAFE Commercial Products, Inc.*

                                                                             */s/ Craig D. Dillard*
                                                                               Craig D. Dillard