UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROBERT VAN NORMAN and PAULINE VAN NORMAN, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § § | EP-18-CV-00217-DCG |
| ANGEL ROMERO HURTADO; CUSI TECHNOLOGIES CO. *d/b/a* CUSITECH; SHIELD RESTRAINT SYSTEMS, INC., *f/k/a* AM-SAFE COMMERCIAL PRODUCTS, INC.; FLEXSTEEL INDUSTRIES, INC.; and FOREST RIVER, INC., | § § § § § § § § § | |
| *Defendants.* | § | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiffs Robert Van Norman and Pauline Van Norman's "Motion to Remand" (ECF No. 6) filed on August 6, 2018. Therein, Plaintiffs assert that the Court lacks jurisdiction over this matter and request that the cause be remanded. Mot. at 3–9. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion.

The instant dispute arises out of an automobile accident, on or about March 22, 2017, where Plaintiff Robert Van Norman's seat and seatbelt allegedly malfunctioned resulting in him suffering a serious head injury. Not. Removal, Ex. A-3 at 3–5, ECF No. 1. On May 25, 2018, Plaintiffs filed their Complaint alleging product liability, breach of warranty, negligence, and loss of consortium claims in the 210th Judicial District Court of El Paso County, Texas. *Id.* at 1, 6–11. On July 17, 2018, Defendants removed the matter to this Court on the basis of diversity jurisdiction. Not. Removal at 3–6. Defendants' main argument is that the citizenship of the

Texas Defendants, Angel Romero Hurtado and CUSITECH, should be disregarded because they were not properly served at the time of removal. *Id.* at 3–4.

A defendant may remove a civil action filed in a state court to a federal district court if the latter court has subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Where, as here, removal is premised upon diversity jurisdiction, 28 U.S.C. § 1332, the removing party bears the burden of establishing, by a preponderance of the evidence, both that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). However, once the case is removed, the district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The core dispute here is whether or not the citizenship of the Texas Defendants should be disregarded because they were not served prior to removal. Defendants argue that it should be based on their interpretation of 28 U.S.C. §1441(b)(2). The Court disagrees with Defendants' interpretation of the law at issue in this case. The law in the Fifth Circuit holds:

> A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.

*New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). Defendants seize upon the "properly joined and served" language in § 1441(b)(2) but overlook that they first must establish diversity jurisdiction under 28 U.S.C. § 1332(a) before reaching § 1441(b)(2). *See* 28 U.S.C. § 1441(b)(2) ("A civil action *otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title* may not be removed if any of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought." (emphasis added)). *See also Superior Home Health Servs., LLC v. Philadelphia Indem. Ins. Co.*, No. 2:17-CV-52-AM-CW, 2018 WL 1876288, at *2 (W.D. Tex. Feb. 14, 2018). Plaintiffs asserted in their Complaint that Plaintiff Robert Van Norman and Defendants Hurtado and CUSITECH are citizens of Texas. Not. Removal, Ex. A-3 at 2. Defendants have not challenged Plaintiffs' allegations or alleged bad faith. *See generally* Not. Removal at 3–4; Defs.' Resp. at 3–5, ECF No. 8. Therefore, Fifth Circuit precedent forecloses Defendants' argument and compels the Court to find that there is a lack of complete diversity in this case. Accordingly, the Court lacks jurisdiction over this cause.

As a final matter, Plaintiffs request that the Court award them their attorney's fees and costs for having to contest removal. Mot. Remand at 7–9. Defendants assert that they had an objectively reasonable basis to remove based on *Cadena v. ASI Lloyds*, No. SA-17-CV-01034-FB, 2018 WL 1904839, at **3–4 (W.D. Tex. Jan. 5, 2018). *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) ("[T]he question we consider . . . is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."). The Court, in its discretion, finds that *Cadena* offers Defendants just enough of a basis to avoid the imposition of sanctions. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 372 n.14 (5th Cir. 1995) ("The decision whether to allow the recovery of costs is committed to the discretion of the district court upon its order to remand the case to state court."). Nevertheless, the Court cautions Defendants and counsel against making such an argument in the future in light of the binding Fifth Circuit precedent.

Accordingly, **IT IS ORDERED** that Plaintiffs Robert Van Norman and Pauline Van Norman's "Motion to Remand" (ECF No. 6) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS THEREFORE ORDERED** that the instant action is **REMANDED** to the 210th Judicial District Court, sitting in El Paso County, Texas.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **MAIL** a certified copy of this Order to the District Clerk of El Paso County, Texas.

**IT IS MOREOVER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE** this case.

So ORDERED and SIGNED this 6th day of September 2018.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE